THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WIZARDS OF THE COAST LLC,

             Plaintiff,

    vs.

CRYPTOZOIC ENTERTAINMENT, LLC
and HEX ENTERTAINMENT, LLC,

             Defendants.

CASE No. 2:14-CV-00719-JLR

Noted for Consideration August 8, 2014

ORAL ARGUMENT REQUESTED

**DEFENDANTS' MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR MORE DEFINITE STATEMENT**

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

# TABLE OF CONTENTS

I.      INTRODUCTION ...............................................................................................................1

II.     FACTUAL BACKGROUND .............................................................................................2

        A.      The Copyright Registration Process ....................................................................2

        B.      The Complaint .....................................................................................................2

III.    ARGUMENT .....................................................................................................................4

        A.      Plaintiff's Copyright Infringement Claim Fails To State A Claim For
                Alleged Infringement Of Any Specific Copyrighted Work..................................4

                1.      Legal Standard .........................................................................................4

                2.      Application of Law ...................................................................................6

        B.      The Complaint Should Be Dismissed For Failure To Even Allege Personal
                Jurisdiction..........................................................................................................9

        C.      Alternatively, Plaintiff Should Be Ordered To Provide A More Definite
                Statement Of Its Copyright Infringement Claim And Jurisdictional
                Statement...........................................................................................................10

IV.     CONCLUSION................................................................................................................11

DEFENDANTS' MOTION TO DISMISS
2:14-CV-00719-JLR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

i

1

## <u>TABLE OF AUTHORITIES</u>

2
**Page(s)**

3
**Cases**

4

*Ashcroft v. Iqbal*,
5
    556 U.S. 662 (2009)...............................................................................4, 5, 6

6
*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*,
7
    223 F.3d 1082 (9th Cir. 2000) .............................................................................9

8
*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)...............................................................................4, 6, 7, 8

9
*Bespaq Corp. v. Haoshen Trading Co.*,
10
    No. C 04-3698 PJH, 2005 WL 14841 (N.D. Cal. Jan. 3, 2005) .........................5, 10

11
*Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*,
    606 F.3d 612 (9th Cir. 2010) .............................................................................7

12
*Doe v. Uncoal Corp.*,
13
    248 F.3d 915 (9th Cir. 2001) .............................................................................9

14
*Dorchen/Martin Associates, Inc. v. Brook of Cheboygan, Inc.*,
15
    838 F. Supp. 2d 607 (E.D. Mich. 2012).............................................................5, 7, 8

16
*Four Navy Seals v. Associated Press*,
    413 F. Supp. 2d 1136 (S.D. Cal. 2005)..............................................................10

17
*Gee v. CBS, Inc.*,
18
    471 F. Supp. 600 (E.D. Pa. 1979) .....................................................................10

19
*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*,
20
    328 F.3d 1122 (9th Cir. 2003) .............................................................................9

21
*Lee v. City of Los Angeles*,
    250 F.3d 668 (9th Cir. 2001) .............................................................................4

22
*Luvdarts, LLC v. AT&T Mobility, LLC*,
23
    710 F.3d 1068 (9th Cir. 2013) .............................................................................5

24
*Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting Inc.*,
25
    299 F.App'x. 509 (6th Cir. 2008).......................................................................8

DEFENDANTS' MOTION TO DISMISS
2:14-CV-00719-JLR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

ii

*Raima, Inc. v. Myriad France, SAS*,
   No. C12–1166 JLR, 2012 WL 6201709 (W.D. Wash. 2012)................................4, 5

*Salt Optics, Inc. v. Jand, Inc.*,
   No. SACV 10-0828 DOC, 2010 WL 4961702 (C.D. Cal. Nov. 19, 2010) ...................5, 7, 10

**Statutes**

17 U.S.C. § 411 ...................................................................................................7

28 U.S.C. § 1331-2 ..............................................................................................9

28 U.S.C. § 1338 .................................................................................................9

35 U.S.C. § 154...................................................................................................2

**Other Authorities**

Fed. R Civ. P. 8(a)(1)..........................................................................................9

Fed. R Civ. P. 8(a)(2)..........................................................................................4

Fed. R Civ. P. 12(b)(2)................................................................................1, 9, 10, 11

Fed. R Civ. P. 12(b)(6)........................................................................... *passim*

Fed. R Civ. P. 12(e) ......................................................................................1, 10

DEFENDANTS' MOTION TO DISMISS
2:14-CV-00719-JLR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

# I.    INTRODUCTION

Defendants Cryptozoic Entertainment, LLC ("Cryptozoic Entertainment") and Hex Entertainment, LLC ("Hex Entertainment") (collectively "Defendants") hereby move to dismiss the Complaint of Plaintiff Wizards of the Coast ("Plaintiff") for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) with respect to the copyright infringement cause of action, and for failure to assert personal jurisdiction or any basis for personal jurisdiction pursuant to Rule 12(b)(2). In the alternative, Defendants move for a more definite statement pursuant to Rule 12(e).

The basis of the motion as to the copyright infringement cause of action is that the Complaint does not disclose a single specific work of Defendants that allegedly infringes any specific work of Plaintiff that is protected either by a copyright registration or application. Put differently, while it is clear Plaintiff seeks to eliminate Defendants as competitors from the trading card game industry, there is no specific assertion in the Complaint that would provide sufficient notice to Defendants as to what part, or parts, of their game the Plaintiff contends is infringing.

All Plaintiff has done is to state that it has 130 copyright registrations and 19 applications that relate somehow to its game Magic: The Gathering. Plaintiff has not provided this Court or Defendants with any registration, application, or underlying work supportive of copyright registration for that game.  Plaintiff has simply alleged that some parts of its game are similar to some parts of Defendants' game, which is called Hex: Shards of Fate. Defendants cannot determine from the Complaint what, if any, part of Plaintiff's game is protected by copyright. The Complaint fails to state a claim under Rule 12(b)(6).

DEFENDANTS' MOTION TO DISMISS
2:14-CV-00719-JLR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1

## II.   FACTUAL BACKGROUND

### A.   The Copyright Registration Process

Copyright registration is a legal formality intended to make a public record of the basic facts of a particular copyright. To obtain a copyright registration, a copyright applicant files a copyright application accompanied by the filing fee and the underlying work that is the work which is alleged to be deserving of a copyright registration. Assuming that the Register of Copyrights does not find that the material deposited for copyright registration constitutes ineligible subject matter for copyright or that the claim is invalid for other reasons, a copyright registration will issue.

### B.   The Complaint

The Complaint alleges causes of action for patent infringement, trade dress infringement, and copyright infringement. The patent has already expired.[1] Plaintiff alleges that it is entitled to a permanent injunction, knowing that the patent would expire well before any permanent injunction could possibly issue. (Compl. at ¶ 59.) Even if Plaintiff were successful in proving validity and infringement, no injunction can issue. Trade dress infringement is also alleged, but the 24 page Complaint does not identify any individual who was actually confused.   The Complaint also asserts copyright infringement, but the Complaint fails to state a claim for copyright infringement.

The Complaint fails to sufficiently allege Plaintiff's entitlement to relief against Defendants with respect to its copyright infringement claims. The Complaint alleges that Defendants' "massively multiplayer online"[2] trading card game (Hex: Shards of Fate) "copied

---

[1]   Plaintiff alleges that Defendants infringe United States Patent No. RE 37,957 ("the '957 Patent") (Compl. at ¶ 57.) The face of the '957 patent states that it is a "[d]ivision of application No. 08/263,447, filed on Jun. 22, 1994." Pursuant to 35 U.S.C. § 154, the '957 patent expired on June 22, 2014.

[2]   A "massively multiplayer online" game (also called MMO and MMOG) is a multiplayer video game which is capable of supporting large numbers of players simultaneously. By necessity, MMOs or MMOGs are played on the Internet. *See* http://en.wikipedia.org/wiki/Massively_multiplayer_online_game.

DEFENDANTS' MOTION TO DISMISS
2:14-CV-00719-JLR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

the cards, plot, elements, circumstances, play sequence, and flow," "the, theme, mood, setting, pace, creatures, and sequence," and "the physical layout and ornamental aspects" of Plaintiff's game. (*Id*. at ¶¶ 37-38.) The Complaint fails to attach a single copyright application, registration, or underlying work.

Attachment 1 to the Complaint purports to be a list of the 130 copyright registrations and 19 applications related to Plaintiff's game.  The registrations and applications span a twenty year period. (*See generally, id*. at Attachment 1.) Despite alleging infringement generally of these purported copyright registrations and applications, Plaintiff ***does not allege*** any specific registration or application that is infringed by any particular work of Defendants. For example, the chart comparing the alleged similarities between Plaintiff's game and Defendants' game is insufficient because it fails to allege how any of the elements are protected under any of Plaintiff's copyright registrations or applications. (*See id*. at ¶ 34.)

Although the Complaint alleges that, as of March 2014, there are approximately 14,000 unique cards for Plaintiff's game (*Id*. at ¶ 12), the Complaint does not provide even an estimate of the number of cards that were purportedly copied, and does not identify the protectable elements between the various physical and digital iterations of Plaintiff's game. Moreover, Plaintiff does not identify any specific instance of infringement. Instead, Plaintiff relies on blog posts and online forum comments from anonymous third parties to support its infringement allegations. (*Id*. at ¶¶ 26-31.) The Complaint identifies two digital versions of Plaintiff's game: (1) Magic Online, and (2) Duels of the Planeswalkers. (*Id*. at ¶¶ 17 and 20.) The Complaint does not allege what portions, if any, of the digital versions of Plaintiff's game were supposedly copied. With respect to Magic Online, the Complaint provides no screenshot comparison between Magic Online and Defendants' game.

In regard to "Duels of the Planeswalkers," Attachment 1 to the Complaint lists a series of "Duels of the Planeswalkers 2014" copyright applications for five different types of operating

DEFENDANTS' MOTION TO DISMISS
2:14-CV-00719-JLR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

3

systems, such as Android or iOS. (*Id.* at Attachment 1, p. 2.) The Complaint does not allege that Defendants' game is infringing all five of the operating systems identified.  In fact, it does not allege any specific one which is alleged to be infringing by any specific work of Defendants.

The Complaint also fails to allege personal jurisdiction over either Hex Entertainment or Cryptozoic Entertainment. In fact, the term "personal jurisdiction" does not appear anywhere in the Complaint.

## III.    ARGUMENT

### A.    Plaintiff's Copyright Infringement Claim Fails To State A Claim For Alleged Infringement Of Any Specific Copyrighted Work

#### 1.    Legal Standard

##### a.    Motions to Dismiss: General

A motion to dismiss pursuant to Rule 12(b)(6) tests whether the allegations of the complaint satisfy Rule 8(a)(2), which requires any pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In evaluating a Rule 12(b)(6) motion, a court is limited to allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice with respect to a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

The *Twombly/Iqbal* cases set the standard for evaluating Rule 12(b)(6) motions. *See Raima, Inc. v. Myriad France, SAS*, No. C12–1166 JLR, 2012 WL 6201709 at *2 (W.D. Wash. 2012) (granting defendant's motion to dismiss copyright claims) for a discussion of the standard. In assessing a 12(b)(6) motion, a court may disregard any labels, conclusions, formulaic recitation of the elements, or legal conclusions couched as factual assertions present in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff must plead enough facts to allow a reasonable inference of defendant's liability. *Id.* at 556; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

DEFENDANTS' MOTION TO DISMISS
2:14-CV-00719-JLR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

This standard is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Raima, Inc.*, 2012 WL 6201709 at *2 (*quoting Twombly*, 550 U.S. at 556). A plaintiff's factual allegations must be both sufficiently substantial and specific to raise the claim from merely conceivable to plausible. *Id.* (*citing Iqbal*, 556 U.S. at 678). The court must take the complaint's factual assertions as true for the purpose of evaluating a Rule 12(b)(6) motion, and it may also rely on its "experience and common sense." *Iqbal*. 556 U.S. at 663-64 (*citing Twombly*, 550 U.S. at 555-56).

### b.    Motion to Dismiss: Copyright Claims

General allegations of infringing several copyright registrations leave a defendant without sufficient notice as to the substance of the claimed infringement. *See Salt Optics, Inc. v. Jand, Inc.*, No. SACV 10-0828 DOC, 2010 WL 4961702, at *6-7 (C.D. Cal. Nov. 19, 2010) (granting motion to dismiss copyright infringement claims where plaintiff, alleging both copyright and trade dress claims, failed to allege specific copyrighted works that were infringed); *see also Bespaq Corp. v. Haoshen Trading Co.*, No. C 04-3698 PJH, 2005 WL 14841, at *3 (N.D. Cal. Jan. 3, 2005) (motion to dismiss copyright claim granted where plaintiff alleged infringement of 366 pieces of miniature furniture copyrights but provided only a catalog containing small-scale photographs); *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1071-73 (9th Cir. 2013) (affirming motion to dismiss for failure to state indirect copyright infringement claim where plaintiff made unfounded factual assertions and conclusory allegations of law).

In addition, courts require heightened standards for pleading copyright infringement because such a case "lends itself readily to abusive litigation, since the high cost of trying such a case can force a defendant who might otherwise be successful in trial to settle in order to avoid the time and expenditure of a resource intensive case." *Dorchen/Martin Associates, Inc. v. Brook of Cheboygan, Inc.,* 838 F. Supp. 2d 607, 611 (E.D. Mich. 2012).

DEFENDANTS' MOTION TO DISMISS
2:14-CV-00719-JLR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

### 2.    Application of Law

Viewed as a whole, the allegations in the Complaint fail to plausibly state a claim for copyright infringement under the heightened pleading standards of *Twombly* and *Iqbal*. Simply stated, the Complaint fails to identify a single copyright registration or application for Plaintiff's game that is purportedly infringed by any aspect of Defendants' game. Plaintiff's allegations, even if taken as true, do not identify which copyright registration or application is purportedly infringed.

Plaintiff cites a lengthy list of purportedly infringed copyright registrations (130) and applications (19) in Attachment 1, but fails to provide any registration, application, or underlying work with the Complaint. Moreover, and more importantly, Plaintiff completely fails to identify any specific registration or application in the Complaint that is infringed by any particular work of Defendants. Put differently, there is no allegation in the Complaint of a particular work of Defendants that infringes any particular copyright registration or application of Plaintiff.

While the Complaint also alleges that Defendants copied the cards, plot, elements, circumstances, play sequence, flow, theme, mood, setting, pace, creatures, sequence, physical layout and ornamental aspects of Plaintiff's game (Compl. at ¶¶ 37-38), Plaintiff makes no attempt to identify which specific copyright registration or application of Plaintiff's game is purportedly infringed from the list of copyright registrations and registrations in Attachment 1 to the Complaint.

The same holds true for Plaintiff's virtual games Magic: Online and Duels of the Planeswalkers. The Complaint purportedly discloses a single screenshot from the 2014 version of Duels of the Planeswalkers, yet it does not identify what elements of Defendants' game allegedly infringe. (*See* Compl. at ¶ 32.) Furthermore, the Complaint does not allege how Defendants' game infringes any one of the operating systems identified in Plaintiff's series of copyright applications for the 2014 version of Plaintiff's Duels of the Planeswalkers. Also, the

DEFENDANTS' MOTION TO DISMISS
2:14-CV-00719-JLR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Complaint does not even provide a screen shot of Plaintiff's Magic: Online, leaving Defendants with insufficient notice of any purported infringement.

In *Salt Optics*, the court granted defendant's motion to dismiss plaintiff's copyright infringement claims where plaintiff failed to allege how its copyrighted works were infringed. 2010 WL 4961702 at *1. There, plaintiff broadly alleged that defendant "intentionally copied, modified, transformed, adapted and displayed" its website and catalog's "text(s), photograph(s), selection, arrangement and compilation." *Id.* at *6. To support its allegation, plaintiff merely listed several aspects of defendant's website that allegedly infringed, including the arrangement of visual elements and identical types of content.  The court found that these broad allegations were factually deficient in light of *Twombly*. *Id.* at *6-*7.  Similar considerations apply here.

Plaintiff simply makes general allegations that Defendants infringe Plaintiff's copyrights (*see, e.g.*, Compl. at ¶¶ 3 and 39) and alleges infringing elements of Defendants' game in the most general way. (*See id.* at ¶¶ 37-38.) Yet, out of the list of registrations and applications in Attachment 1 to the Complaint, nowhere does Plaintiff define which copyright registration or application Defendants allegedly infringe or how they infringe it or them. If a work is not the subject of a copyright registration or at least a copyright application, the Complaint fails to state a claim. *See* 17 U.S.C. § 411.[3] Even if Plaintiff supplied Defendants with the corresponding deposit copy of each underlying work, Defendants would still be at a loss to defend themselves because the claims themselves are completely vague.

Two cases from the Sixth Circuit further illustrate the deficiencies of Plaintiff's allegations. In *Dorchen/Martin*, the copyright infringement claim revolved around the design for an assisted living facility project. 838 F. Supp. 2d at 611-12. There, plaintiff failed to sufficiently

---

[3]   The Copyright Act provides that "no action for infringement of the copyright in any United States work shall be instituted until…registration of the copyright claim has been made in accordance with this title." *See also Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612, 620-21 (9th Cir. 2010) (holding that the receipt of complete application by Copyright Office satisfied requirement in Copyright Act for registration before bringing infringement action)

DEFENDANTS' MOTION TO DISMISS
2:14-CV-00719-JLR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

identify in its complaint original material in its architectural work. It was identified only as the "overall form as well as the arrangement and composition of spaces and elements in the design, but does not include individual standard features." *Id*. at 611. The court required plaintiff to amend its complaint, noting that without a description of the manner in which defendants' work infringed, it was not required to accept bare legal conclusions of infringement/substantial similarity. *Id*. at 612.

In another Sixth Circuit decision, the court affirmed dismissal of copyright claims on ground that the case was nothing more than a fishing expedition intended to uncover implausible acts of infringement through unnecessary discovery. *Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting Inc.*, 299 F.App'x. 509, 512 (6th Cir. 2008), *affirming, Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting Inc.*, No. 07-11140, 2007 WL 1500292, at *3 (E.D. Mich. May 23, 2007). In *National*, plaintiff had sued thirteen defendants for infringement of educational materials regarding credit management. *Nat'l Bus. Dev. Servs.*, 299 F.App'x at 510. The *National* plaintiff, however, failed to identify ***any specific work*** that was alleged to be infringed. *Id*. at 511-12. The *National* court held that such allegations were insufficient under the *Twombly* standard. *Id*.

This case presents a situation similar to *National* and *Dorchen/Martin*. Here, Plaintiff broadly alleges that "the visual presentation of each card on the screen is substantially similar to the same sort of card within the Magic card game in either its paper or electronic versions." (Compl. at ¶ 38.) As discussed above, the Complaint does not allege which registration or application is purportedly infringed. The Complaint does not even assert that any particular version of Plaintiff's card game is the subject of any one of the copyright registrations or applications listed in Attachment 1 to the Complaint.

The Complaint should be dismissed for failure to state a claim of copyright infringement pursuant to Rule 12(b)(6).

DEFENDANTS' MOTION TO DISMISS
2:14-CV-00719-JLR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

**B.** **The Complaint Should Be Dismissed For Failure To Even Allege Personal Jurisdiction**

Unless the court already has jurisdiction, Rule 8(a)(1) requires that a pleading provide "a short and plain statement of the grounds for the court's jurisdiction" (emphasis added). Rule 12(b)(2) requires dismissal of an action when the court lacks personal jurisdiction over defendant. It is Plaintiff's burden to establish that this Court has personal jurisdiction by alleging facts that, if true, would support such jurisdiction. *Doe v. Uncoal Corp.,* 248 F.3d 915, 922 (9th Cir. 2001). When a Court considers a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, plaintiff must make a *prima facie* showing of personal jurisdiction to survive the motion. *Id.*; *see also Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128-29 (9th Cir. 2003). Absent consent, a court can exercise its power over a non-resident defendant only if it has specific or general jurisdiction. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

Plaintiff's Complaint should be dismissed because it fails to allege that either Defendant is subject to either specific or general personal jurisdiction in the state of Washington. Under the "Jurisdiction and Venue" section, the Complaint alleges only subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331-2, and 1338. (Compl. at ¶¶ 4-5.) Otherwise, the Complaint is silent with respect to jurisdiction. The Complaint does not contain the term "personal jurisdiction." Nowhere in the Complaint does Plaintiff allege that Defendants are subject to personal jurisdiction. Thus, the Complaint should be dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(2).

DEFENDANTS' MOTION TO DISMISS
2:14-CV-00719-JLR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

9

**C.  Alternatively, Plaintiff Should Be Ordered To Provide A More Definite Statement Of Its Copyright Infringement Claim And Jurisdictional Statement**

In the event the Court does not dismiss the Complaint under Rule 12(b)(6) or Rule 12(b)(2), Defendants request that Plaintiff provide a more definite statement under Rule 12(e) with respect to its copyright claims and jurisdictional allegations.

Rule 12(e) states that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." General allegations of infringing a large number of individually copyrighted works leave a defendant unable to adequately respond to the substance of the claims. *See Four Navy Seals v. Associated Press*, 413 F. Supp. 2d 1136, 1148 (S.D. Cal. 2005) (granting motion for more definitive statement of copyright infringement claim where plaintiffs did not identify which of the defendants' 1800 on-line works were infringed) (*citing Gee v. CBS, Inc.*, 471 F. Supp. 600, 643 (E.D. Pa. 1979)); *Bespaq Corp.* 2005 WL 14841 at *2; *Salt Optics*, 2010 WL 4961702 at *6-*7 (granting motion to dismiss copyright infringement claims where plaintiff did not allege how plaintiff's works were infringed).

As discussed above, the Complaint fails to sufficiently plead copyright infringement in the sense that it does not allege that (a) any one specific work of Plaintiff is (b) substantially similar to any specific work of Defendants and (c) that same work of Plaintiff is the subject of a copyright registration or application. Though the Complaint is accompanied by a list of copyright registrations and applications, it contains no allegation of which registration or application of any particular work from Defendants is actually infringing. Even if Plaintiff supplied Defendants with the corresponding deposit copies of each registered work, Defendants would be at a loss to respond because the claims against them are so vague. Moreover, the Complaint is defective

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

because it fails to allege that Defendants are subject to personal jurisdiction in the Western District of Washington.

Accordingly, if Plaintiff's Complaint is not dismissed under Rule 12(b)(2) or if Plaintiff's copyright infringement claim is not dismissed under Rule 12(b)(6), the court should require Plaintiff to provide a more definite statement of its claims against Defendants as well as its jurisdictional allegations.  The more definite statement should include a copy of each registration (or application) and the underlying works on which the Plaintiff intends to rely as well as a statement as to which part of Defendants' work infringes which registration or application.

## IV.   CONCLUSION

Defendants respectfully move this Court to dismiss the Complaint, or in the alternative, require Plaintiff to provide a more definite statement of the allegations supporting its copyright infringement claims and its allegations supporting personal jurisdiction over Defendants. If the Court were to require Plaintiff to provide a more definite statement, Defendants also ask the Court to require Plaintiff to attach to its amended complaint a copy of each registration or application and the underlying works on which it intends to rely in the litigation, as well as a statement as to which part of Defendants' work infringes which registration or application, so that Defendants have notice of what they are alleged to infringe.

DEFENDANTS' MOTION TO DISMISS
2:14-CV-00719-JLR

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

DATED this 15th day of July, 2014

DORSEY & WHITNEY LLP

*By:  s/ Paul T. Meiklejohn*
Paul T. Meiklejohn
meiklejohn.paul@dorsey.com
Lukas Dudkowski
Dudkowski.lukas@dorsey.com
Dorsey & Whitney LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Phone:  (206) 903 8800
Fax:  (206) 903 8820

ATTORNEYS FOR DEFENDANTS
CRYPTOZOIC ENTERTAINMENT, LLC
AND HEX ENTERTAINMENT, LLC

DEFENDANTS' MOTION TO DISMISS
2:14-CV-00719-JLR

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of July, 2014, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will serve a Notice of Filing on all counsel of record.


By: *s/ Paul T. Meiklejohn*
    Paul T. Meiklejohn

DEFENDANTS' MOTION TO DISMISS
2:14-CV-00719-JLR

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

13