Hon. James L. Robart

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WIZARDS OF THE COAST LLC, | Civil Action No. 2:14-cv-00719JLR |
| Plaintiff, | OPPOSITION TO MOTION FOR EXTENSION OF TIME |
| v. | |
| CRYPTOZOIC ENTERTAINMENT, LLC, and HEX ENTERTAINMENT, LLC, | |
| Defendants. | |

The Defendants characterize the present motion as being necessary because they asked for a 21 day extension that Plaintiff WOTC refused, but that account is inaccurate and masks the actual issue in dispute. In fact, WOTC plainly stated that the Defendants could have the very same 21 day extension they now seek from the Court. The Defendants—not WOTC—rejected that proposal because WOTC explained that it required actual document production by the deadline, not a "response" that merely promises production later. Lorbiecki Decl., p ¶ 8, Exhibit B. The Defendants refused and would not commit to *any* deadline for the actual production of the requested documents. They now ask the Court for an extension of time to "respond" to the

OPPOSITION TO MOTION
FOR EXTENSION OF TIME - 1
Civil Action No. 2:14-CV-00719JLR
WZRD-6-0001 P25 RESP re Mot Extend Discovery.docx

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

request for documents, but without having any actual obligation to "produce" the requested documents. Lorbiecki Decl., p ¶ 12

**Background Facts**

The recitation of events in the Defendants' motion is surprisingly selective and omits several pertinent details. The Defendants correctly state that certain discovery requests were served on each party and that WOTC asked for a one-week extension making its responses due on October 29. The Defendants then tersely state that "the parties discussed settlement," those discussions terminated, and WOTC's responses are now overdue and "in default." The Defendants do not explain that WOTC's responses were not served on October 29 because the Defendants proposed a standstill in order to explore settlement. Lorbiecki Decl., p ¶¶ 6, 7. When the settlement effort failed, WOTC proposed new dates for each side to serve responses to their outstanding discovery requests. WOTC has also served responses to the Defendants' requests, including the production of about 15,000 pages. Lorbiecki Decl., p ¶ 4.

The Defendants accurately capture the initial proposals for extensions of time in which WOTC would respond by November 12 and the defendants would respond by November 21. The Defendants asked for a greater amount of time, through December 1, and they describe WOTC's response as simply "Plaintiff's counsel would not agree." Dkt. 30, at p. 3, line 7. To the contrary, WOTC expressly agreed to the December 1 extension in an email on November 10 stating: "You have proposed that we grant you an extension until December 1, I am willing on one condition, that December 1 means the production of documents, not merely the promise of production at a later time that is mutually acceptable." Lorbiecki Decl., p ¶ 8. The Defendants' motion cryptically refers to a "condition" without explaining that the apparently unreasonable condition was that the Defendants must actually produce their documents on the deadline, rather

OPPOSITION TO MOTION
FOR EXTENSION OF TIME - 2
Civil Action No. 2:14-CV-00719JLR
WZRD-6-0001 P25 RESP re Mot Extend Discovery.docx

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

than serving an empty written response that promises to produce documents at some unspecified later date.

The most the Defendants would promise was that by December 1 they would produce "the documents we have collected, reviewed for responsiveness and privilege, and appropriately marked by December 1, and the others will be provided on a rolling basis as soon as possible after that." Of course, this hollow promise does not even commit the Defendants to produce even one page by December 1, and it has an open-ended deadline for completion of the requested production. The Defendants further omit that WOTC asked the Defendants to specify a date they could commit to, if December 1 was not acceptable. Tellingly, the Defendants would not answer this question at all. Instead, they insisted on a so-called "unconditional" extension to December 1, in which the "unconditional" qualifier meant that they would not actually have to produce anything by that date.

**WOTC Agrees to the December 1 Extension to <u>Produce</u> Documents**

As outlined above, WOTC agrees with the requested extension to produce documents by December 1. In fact, WOTC said as much, in writing, to the Defendants before they filed the present motion. WOTC reiterates here that a December 1 deadline is acceptable if it means the Defendants will substantially produce the requested documents.

**The Defendants should not be Permitted Open-ended Rolling Discovery**

The present motion has nothing at all to do with any alleged refusal to agree to a December 1 deadline. As noted above, WOTC expressly agreed to it. Moreover, WOTC offered to grant the Defendants a reasonable amount of time beyond that date if they could justify it and would agree to a specific date by which they would actually produce all or a substantial majority of the requested documents. The Defendants' position was that neither December 1 nor any other

OPPOSITION TO MOTION
FOR EXTENSION OF TIME - 3
Civil Action No. 2:14-CV-00719JLR
WZRD-6-0001 P25 RESP re Mot Extend Discovery.docx



LOWE GRAHAM JONES﹒PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

date was acceptable because they want to make a "rolling" production instead—with no promise regarding when the rolling production might begin or end. This true nature of the dispute is not articulated in the Defendants' briefing, but it is clear from the correspondence of counsel that was omitted from their briefing.

There may be instances in which the volume of document production and the number of custodians for requested records are so many and so widely spread that it is too challenging to collect the majority of them within the 30 days allotted by the Civil Rules. In such cases, some form of rolling production may be appropriate in order to allocate resources efficiently and in an orderly way. Even then, however, a rolling production should have a specific plan and specific deadlines to substantially accomplish the production. It should never be hazy and open-ended, because (1) the requesting party cannot take depositions until it is complete, (2) the producing party has no obligation to finish it until the close of discovery, thereby preventing meaningful analysis, dispositive motions, and settlement, and (3) it leads to acrimonious attorney interaction and inevitable motion practice regarding the completion of discovery. *E.g., Whetstone Electronics v. Xerox*, 6:10cv278 (April 7, 2011) ("The Court notes a trend in complex patent cases where the parties undertake "rolling" productions of documents and in many cases the most relevant documents are produced near the discovery deadline invariably leading to acrimonious motion practice"); *Bullion Monarch Mining, Inc. v. Newmont USA, Limited*, 271 F.R.D. 643 (NV DC, 2010) ("Here, Newmont's gross untimeliness in production completely nullifies Bullion's ability to meaningfully engage in that inquiry."). Because of these issues, the Defendants should be required to complete their production on a specific date. *See, e.g., Tierno v. Rite Aid Corp.*, No. C 05-02520 TEH, 2008 WL 3287035, at *4 (N.D. Cal. July 31, 2008).

OPPOSITION TO MOTION
FOR EXTENSION OF TIME - 4
Civil Action No. 2:14-CV-00719JLR
WZRD-6-0001 P25 RESP re Mot Extend Discovery.docx

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

The Defendants should not be allowed open-ended rolling discovery in this case. The Defendants are companies with many fewer employees generating documents; they have no need to spread the document production over time. Hex Entertainment LLC has only existed since April of 2013. They have had little time to develop a huge collection of documents. Indeed, in the course of the communications leading up to the present motion the Defendants *never* explained any need for rolling production and instead simply declared that they would do it. For that matter, the Defendants never explained any need for time beyond December 1, despite WOTC's direct question asking the Defendants to simply state how much time they would need (and justify it) if they needed more time. Under the circumstances, any rolling discovery will simply drag things out, backload depositions and discovery to the eve of the discovery cutoff, and cause unnecessary back-and-forth or motion practice regarding whether and when the Defendants might finish producing the requested documents. As such, the Court should grant the order as requested by the Defendants, but modified to clarify that the Defendants must substantially *produce* the requested documents by that date.

**The Accusations of Litigation Abuses are Unfounded**

The Defendants conclude their motion with a battery of unsupported and improper accusations regarding litigation abuses. Though WOTC is surely larger than the Defendants, there are no facts that indicate the Defendants are unable to pay for an adequate defense. On this point, the Defendants assert that there is an "extreme difference in ability to finance a litigation" in an apparent effort to suggest that WOTC is taking advantage of that difference. Without any evidence or substance behind the implication, the Defendants should refrain from making it.

The Defendants next assert that WOTC's counsel has been uncooperative in this litigation, taking positions that make it expensive. Beyond this bald statement, the Defendants

OPPOSITION TO MOTION
FOR EXTENSION OF TIME - 5
Civil Action No. 2:14-CV-00719JLR
WZRD-6-0001 P25 RESP re Mot Extend Discovery.docx



701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

offer nothing more. Again, this allegation is incorrect, improper, and should not be asserted so cavalierly.

Still further, the Defendants complain about interaction related to an earlier request for more time to answer the Complaint. In raising this stale issue, the Defendants omit correspondence between counsel regarding whether attorney Dudkowski could handle the answer in attorney Meiklejohn's absence, since both had entered an appearance. Attorney Meiklejohn never answered WOTC's inquiry regarding whether he personally needed to be involved, and instead he simply filed his motion for more time. After seeing the motion for more time, WOTC reconsidered the matter and agreed to the requested extension. There is nothing in this exchange that amounts to misconduct as the Defendants assert.

Finally, the present motion has no foundation in any desire to increase the Defendants' costs. Again, WOTC specifically agreed to the very extension the Defendants asked for, and even offered more time if it was necessary. Despite that agreement, the Defendants chose to file the present motion seeking an order giving them until December 1. What they never explain to the Court is that they really want an extension allowing them to "respond" to the discovery requests by December 1. What they do not want is an extension requiring them to actually "produce" the requested documents by December 1. The Defendants should have made this issue clear in their motion from the beginning. In addition, if they genuinely needed more time they should have first answered WOTC's direct question asking them to specify how much time they need to actually produce the documents if December 1 was too soon. They refused to answer that question, then they filed this motion without explaining to the Court the true nature of the debate. It was the conduct of the Defendants, not WOTC, that burdened the Court with this issue and caused needless motion practice expense. In addition, it makes it quite clear that in the absence

OPPOSITION TO MOTION
FOR EXTENSION OF TIME - 6
Civil Action No. 2:14-CV-00719JLR
WZRD-6-0001 P25 RESP re Mot Extend Discovery.docx

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

of specific deadlines to produce, rather than hazy deadlines to "respond," there will be more motions to follow.

## CONCLUSION

The Court should grant the Defendants' motion for an extension of time, except that it should specify that the Defendants may have until December 1 to substantially "produce" the requested documents instead of an extension until December 1 to merely "respond" without the accompanying production.

RESPECTFULLY SUBMITTED this 19th day of November, 2014.

*/s/ Mark L. Lorbiecki*
_____
Mark L. Lorbiecki, WSBA No. 16796
Lawrence D. Graham, WSBA No. 25402
LOWE GRAHAM JONES^PLLC
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
T: 206.381.3300
F: 206.381.3301
Lorbiecki@LoweGrahamJones.com
Graham@LoweGrahamJones.com
Attorneys for Wizards, LLC

OPPOSITION TO MOTION
FOR EXTENSION OF TIME - 7
Civil Action No. 2:14-CV-00719JLR
WZRD-6-0001 P25 RESP re Mot Extend Discovery.docx

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

CERTIFICATE OF SERVICE

I, Jean M. Larsen, hereby certify that I am an employee of Lowe Graham Jones PLLC and that on November 19, 2014 I electronically filed the foregoing **OPPOSITION TO MOTION FOR EXTENSION OF TIME** with the **DECLARATION OF MARK L. LORBIECKI** and this **CERTIFICATE OF SERVICE** with the Clerk of the Court using the CM/ECF system, which upon information and believe will send notification of such filing to the following attorneys of record:

Lukas Dudkowski
DORSEY & WHITNEY
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043
dudkowski.lukas@dorsey.com
*Attorney for Defendants Cryptozoic Entertainment LLC*
*and Hex Entertainment, LLC*

Paul T. Meiklejohn
DORSEY & WHITNEY
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043
meiklejohn.paul@dorsey.com
*Attorney for Defendants Cryptozoic Entertainment LLC*
*and Hex Entertainment, LLC*

s/Jean M. Larsen
Jean M. Larsen, Paralegal

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301