**EXHIBIT B**

# Mark Lorbiecki

| | |
|---|---|
| **From:** | Meiklejohn.Paul@dorsey.com |
| **Sent:** | Monday, November 10, 2014 3:21 PM |
| **To:** | Mark Lorbiecki |
| **Cc:** | Larry Graham; Jean M. Larsen; tseng.david@dorsey.com |
| **Subject:** | RE: Activity in Case 2:14-cv-00719-JLR Wizards of the Coast LLC v. Cryptozoic Entertainment LLC et al Order |

Mark,

My request is unchanged since this dispute started:

An unconditional extension of time until December 1 to respond to your written discovery requests.

If you agree to that BEFORE we file our motion, we will agree to an unconditional extension of time until November 12 for you to respond to our written discovery requests.

If you do not agree to provide us the identical courtesy we are prepared to provide you (and which you will apparently be taking whether we provide it or not), all bets are off and your discovery responses were due October 29 and untimely as of October 30.

Call before 4:30 PM if you want to discuss.

Paul

---

**From:** Mark Lorbiecki [mailto:lorbiecki@lowegrahamjones.com]
**Sent:** Monday, November 10, 2014 3:04 PM
**To:** Meiklejohn, Paul
**Cc:** Larry Graham; Jean M. Larsen; Tseng, David
**Subject:** RE: Activity in Case 2:14-cv-00719-JLR Wizards of the Coast LLC v. Cryptozoic Entertainment LLC et al Order

Paul,

I am a little confused here. I did not pick December 1, you did. And I only said that we needed to have the documents by December 1, we can agree to a distinct date for the RFAs and the two interrogatories. The only condition I imposed was that you conform with the rules as to production so that we could begin the depositions. You must acknowledge that we need to have specific deadlines to get things accomplished here. Again, I respectfully remind you that you picked December 1 and I merely agreed imposing only that the documents actually be produced on that date.

I really need to know what you are really proposing so we can get to a resolution. We can't agree to an open-ended deadline in which you respond at some vague point thereafter, whenever you get around to it. If you need more time than December 1 in order to complete the production, then please specify it now with a date certain. Our objective is to be reasonable, but a rolling production with no actual deadline is not reasonable.

If you cannot produced by the 1st, why and when? You have to tell the court the same thing. Your client is a start-up. They don't have millions of documents. Most of the requests overlap. Just give us the documents by the first. We can

work on the RFAs and the two interrogatories after that. Note that I have not suggested that we would move to deem the RFAs admitted on the first, I said we need the documents.

I do not know what to offer at this point. I asked you for a date, you gave me one and I agreed with the sole condition you adhere to the date. I am in the dark as to what else I could do to afford you a reasonable schedule for production of documents. Perhaps your suggestion that a motion is in order is the best.

Mark

---

**From:** Meiklejohn.Paul@dorsey.com [mailto:Meiklejohn.Paul@dorsey.com]
**Sent:** Monday, November 10, 2014 2:17 PM
**To:** Mark Lorbiecki
**Cc:** Larry Graham; Jean M. Larsen; tseng.david@dorsey.com
**Subject:** RE: Activity in Case 2:14-cv-00719-JLR Wizards of the Coast LLC v. Cryptozoic Entertainment LLC et al Order

Mark,

      We cannot agree to the conditions you impose for the three week extension of time defendants seek to respond to 1,150 RFAs, 163 RFPs and two interrogatories.  The extension should be unconditional like the unconditional extension of the identical period of time that we were willing to give you (and which you undoubtedly need because plaintiff is now in default as to these requests) unconditionally.

      That said, we will agree to provide the documents we have collected, reviewed for responsiveness and privilege, and  appropriately marked by December 1 and the others will be provided on a rolling basis as soon as possible after that.  I doubt that Rule 30(b)(6) depositions of the two defendants can take place by the second week of December.  It simply seems too ambitious to me.  Not a single document has been produced in this case by either party (and our requests have been outstanding to you 19 days longer than yours have been outstanding to us) and we certainly want to have time to review your documents before you take depositions of my clients.

      There are presently no deadlines in this case other that the ones you have ignored.

      We are continuing with our motion and intend to file it today unless the conditions are withdrawn and the extension is unconditional.  Please call if you wish to discuss.  I left you a VM.

                                                                                                                Paul

---

**From:** Mark Lorbiecki [mailto:lorbiecki@lowegrahamjones.com]
**Sent:** Monday, November 10, 2014 1:27 PM
**To:** Meiklejohn, Paul
**Cc:** Larry Graham; Jean M. Larsen; Tseng, David
**Subject:** RE: Activity in Case 2:14-cv-00719-JLR Wizards of the Coast LLC v. Cryptozoic Entertainment LLC et al Order

Dear Paul,

I am sorry to see that the tenor of, what I believed to have been a constructive conversation, has taken a somewhat darker turn. Emblematic of this is your threat to deem our objections waived. We are both pretty long in the tooth, as I have been litigating since '82, even against your firm in Minneapolis. Your own statement, " [a]s to discovery, I understand that your responses were due on October 29.  They were originally due on October 22 but we gave you a one week extension until October 29'" fails to address the fact that a further extension was conditioned upon having an offer from you in hand on Tuesday and that you were still pitching for even further extensions when you failed to produce such an offer. We were prompt and immediately arranged for delivery of our responses the day after tomorrow (it would have been tomorrow but for the holiday). No judge will look at the cooperation we were extending to you and

2

then discourage such cooperation with punitive sanctions such as the waiver of objections. We are not flouting the rules here, we are adhering to them to the best of our ability given your request that we "stand down" from discovery.

You have proposed that we grant you an extension until December 1, I am willing on one condition, that December 1 means the production of documents, not merely the promise of production at a later time that is mutually acceptable. We need those documents especially to address one of the most important and time sensitive issues. We have an obligation to explore the expansion of parties and if we do not, we will have been deemed to waive them unless that is an excusable delay.

Consider the following. I have a witness who is a top-level member of your Kickstarter campaign. He sent his money, as the website directed, to Cryptozoic Entertainment, LLC. He will testify that he received all of his promotional swag from Hex Entertainment, LLC, meaning that without specific agreements with him and between the parties, there is a prima facie case of commingling of assets, which places the principals bare before the courts. We are obliged to explore that and join the principals as parties if there has been commingling. You have had our discovery requests in hand for a month exploring exactly this question. So I am asking, will we have the documents in hand on December 1, if we agree to the extension?

Naturally, if we extend, I am now looking at the second week of December for the proposed 30(b)(6) deposition. You did not answer my question as to when that would be convenient for the witness. I am hoping we can resolve that issue soon because it is central to our adding of parties. This is really about figuring out how to set the table; it is not meant as a reaction to your inability to place a counter-offer for settlement in our hands. We simply have work to do to perfect our claims against the appropriate parties and, now, wish to pursue those claims. Please let me know or else, I will be forced to simply note the deposition and, given your recent email, sadly, will likely find it does little to quell this little tempest between us. I had been enjoying the frank discussion we were having before the assertion of waiver of objections. To that end, as well, I would really appreciate it if you would give us the names of contacts at each of Level Up and Game Forge so that we may arrange their depositions at the earliest possible date and with the least inconvenience to them. I have attached, as well, our second set of four Requests for Production to flesh that out and allow us to determine the roles each of them have played in the copying and distribution of the games.

So please confirm that we will have documents in hand on December 1 and please give me a date in the second week of December where we can explore the limited liability structure of the two current defendants. I hope that we can quickly return to the more sanguine and cooperative discussion we earlier enjoyed.

Still, my best wishes,

Mark

---

**From:** Meiklejohn.Paul@dorsey.com [mailto:Meiklejohn.Paul@dorsey.com]
**Sent:** Monday, November 10, 2014 11:24 AM
**To:** Mark Lorbiecki
**Cc:** Larry Graham; Jean M. Larsen; tseng.david@dorsey.com
**Subject:** RE: Activity in Case 2:14-cv-00719-JLR Wizards of the Coast LLC v. Cryptozoic Entertainment LLC et al Order

Hi Mark,

  Having not heard from you as yet today on my proposal, we are commencing work on our motion for extension of time. If you wish to discuss it before the motion is filed, please give me a call—903 8746. I also left you a VM message.

  Best regards,

3

Paul

---

**From:** Meiklejohn, Paul
**Sent:** Friday, November 07, 2014 5:08 PM
**To:** 'Mark Lorbiecki'
**Cc:** Larry Graham; Jean M. Larsen; Tseng, David
**Subject:** RE: Activity in Case 2:14-cv-00719-JLR Wizards of the Coast LLC v. Cryptozoic Entertainment LLC et al Order

Hi Mark,

    I understand your position.  We will provide our settlement offer when it is ready.

    As to discovery, I understand that your responses were due on October 29.  They were originally due on October 22 but we gave you a one week extension until October 29.  No extension was agreed upon after that so your responses are now untimely and you have waived all objections.  Our discovery responses are due this Monday, November 10.  However, in view of the discussions concerning settlement, we are willing to extend your time to respond until November 12 so long as our time to respond to Wizards' discovery requests is extended an equal amount of time to December 1.

    If our proposal above is not acceptable to you, we will file a motion for extension of time.  Our responses are due this Monday without any extension so I will commence preparing that motion at 10AM on Monday unless I hear from you before that time that you accept the schedule set out above (your responses and documents by November 12; our responses and documents by December 1).

    Please let me know.

    Best regards,

    Paul

---

**From:** Mark Lorbiecki [mailto:lorbiecki@lowegrahamjones.com]
**Sent:** Friday, November 07, 2014 2:28 PM
**To:** Meiklejohn, Paul
**Cc:** Larry Graham; Jean M. Larsen; Tseng, David
**Subject:** RE: Activity in Case 2:14-cv-00719-JLR Wizards of the Coast LLC v. Cryptozoic Entertainment LLC et al Order

Paul,

We've been treading water on discovery for quite a while in order to give settlement a chance, but we never did get a settlement proposal from you so it's time to move on. In fact, the specter of settlement has been too great a distraction to preparing the case and, thus, our settlement proposal is withdrawn. We'll discuss settlement with you any time, but, now, it must be in parallel with the preparation for litigation and it would require an actual written proposal from your client, not a hazy suggestion that an offer might someday be made. Lawyers are deadline-driven; removing those deadlines may have slowed the process.

We will produce our discovery responses imminently. As the local patent rules allow us to proceed without the order in place, marking documents as we have agreed, we will do precisely that, producing through our vendor. Because Tuesday

4

is a holiday, it will likely be produced on Wednesday of next week. You asked for a one-month stand-down, but we thought that was too long and agreed to defer for one week. That extension was based on the expectation of a settlement offer within that week, but no offer was made. So, the one-week extension pushes your due date to the end of next week. We will agree to a deadline of November 21, which should be more than fair under the circumstances. We need to move on with the case, so that is as far as it can be extended.

I have attached, as well, on of two proposed notices of the 30(b)(6) depositions we intend in the first week of December, and the other would be a mirror image for Hex Entertainment LLC, though it would surprise no one if the same person is identified by each of the defendants. As I said, we would like to note these for the first week of December and would like to site them and time them to be convenient for the defendant's chosen spokesman. Please let me know within the next three business days where and when in that first week such would be convenient. Naturally, we will be relying upon some of the already requested corporate documents and records for the proposed deposition which makes the November 21 production that much more critical.

Thank you,

Mark

---

**From:** Meiklejohn.Paul@dorsey.com [mailto:Meiklejohn.Paul@dorsey.com]
**Sent:** Tuesday, November 04, 2014 7:20 PM
**To:** Mark Lorbiecki
**Cc:** Larry Graham; Jean M. Larsen; tseng.david@dorsey.com
**Subject:** RE: Activity in Case 2:14-cv-00719-JLR Wizards of the Coast LLC v. Cryptozoic Entertainment LLC et al Order

Mark,

    Thanks for the conference today.

    I suggest that we agree to dates when our discovery will be due.  We should pick dates that are sufficiently in the future to allow time to fully consider settlement.  My suggestion is that Wizards's due date be about three weeks from now and that defendants receive the same extension.  If you agree, I will send you an email with the exact dates.

    As to the Protective Order, I agree with the proposal you set out below.  Would you like to send over a red line version you think we should be filing?  I don't think the rule requires that we explain why we want the changes we want from the Model Order.  We need only identify the changes by underlining them.

    Let me have your thoughts on the above.


                        Paul

---

**From:** Mark Lorbiecki [mailto:lorbiecki@lowegrahamjones.com]
**Sent:** Tuesday, October 21, 2014 2:15 PM
**To:** Tseng, David
**Cc:** Meiklejohn, Paul; Larry Graham; Jean M. Larsen
**Subject:** RE: Activity in Case 2:14-cv-00719-JLR Wizards of the Coast LLC v. Cryptozoic Entertainment LLC et al Order

David,

I have two questions that might make the joint submittal a bit easier. Almost all of the changes in the model order were either invited by the courts such as in Section 2 where we are asked to define what is confidential matter; or are relatively self-explanatory such as in the designation of Attorneys' Eyes Only.

5

I think and I am certain if you consider it, the following paragraph within Section 8 is unnecessary as being redundant:

Any party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the court for such relief as may be appropriate in the circumstances.

Second, I am wondering if all of the additions to Section 3 are not, themselves, redundant to words already in the Model Order. Consider that we lead off with "any information copied or extracted from confidential material" then, switching to the added language, "including all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure." Maybe this is the patent attorney in me, but that really seems like saying "all automobiles" including "all red automobiles with white-walled tires." The very issue that the Court is trying to avoid are custom-made orders so that their procedure flows smoothly. I believe you will not have given an inch in scope if we strike the added language. Similarly, consider the Model Language, "any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material" and then our addition of "all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (5) pretrial pleadings, exhibits to pleadings and other court filings; (6) affidavits or declarations; and (7) stipulations." Don't you think we are suffering from another genus/species problem here?

I am thinking that the flavor of the Judge's order is "knock it off with these nuanced orders." In light of that, how can we further include: "Production of confidential material by each of the parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents" when I would assume both counsel know this to be the very reason we are designating. I don't think that the Court is going to be favorably disposed to "belt and suspenders" drafting when we are under the aegis of a Local Rule that requires us to justify each and every change to the Order.

I do not want to dilute the support for things that really matter. Let us coalesce behind 4.2 (and with it 5.2(b) and 7 as modified to match 4.2) as written and let us not expend shot and shell where none are needed. I also heartily support 11 and we can make the case that Nintendo, Konami, and Pokemon require that paragraph, at least. But I think that if our modifications only encompass these two sections, we ought to be able to get it through without a single difference in the actual scope of the agreed order. Please consider this.

I will be at a Board meeting for the Gonzaga Law School on Friday and transiting Thursday afternoon so if we can deal with it tomorrow or Thursday afternoon, it will be advantageous for both sides.

Best,

Mark

---

**From:** tseng.david@dorsey.com [mailto:tseng.david@dorsey.com]
**Sent:** Monday, October 20, 2014 11:03 AM
**To:** Mark Lorbiecki
**Cc:** Meiklejohn.Paul@dorsey.com; Larry Graham; Jean M. Larsen
**Subject:** RE: Activity in Case 2:14-cv-00719-JLR Wizards of the Coast LLC v. Cryptozoic Entertainment LLC et al Order

Hi Mark,

Please see attached redlined version. Please note we also made another minor addition to section 7 from the prior version for the sake of consistency (addition underlined):

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEY'S EYE ONLY," or "CONFIDENTIAL – ATTORNEY'S EYE ONLY - SOURCE CODE" that party must:

Please let us know if you have any further questions.

Thanks,
Dave

---

**From:** Mark Lorbiecki [mailto:lorbiecki@lowegrahamjones.com]
**Sent:** Monday, October 20, 2014 10:10 AM
**To:** Tseng, David
**Cc:** Meiklejohn, Paul; Larry Graham; Jean M. Larsen
**Subject:** FW: Activity in Case 2:14-cv-00719-JLR Wizards of the Coast LLC v. Cryptozoic Entertainment LLC et al Order

David,

If you folks have a redlined version, would you please forward it to me so we can get into compliance with the Court's rule. If not, let me ask, have we really just agreed to the Court's own order anyway. Why not do so formally here?

Mark

**From:** ECF@wawd.uscourts.gov [mailto:ECF@wawd.uscourts.gov]
**Sent:** Monday, October 20, 2014 6:28 AM
**To:** ECF@wawd.uscourts.gov
**Subject:** Activity in Case 2:14-cv-00719-JLR Wizards of the Coast LLC v. Cryptozoic Entertainment LLC et al Order

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

### United States District Court for the Western District of Washington

## Notice of Electronic Filing

The following transaction was entered on 10/20/2014 at 6:28 AM PDT and filed on 10/17/2014
**Case Name:**     Wizards of the Coast LLC v. Cryptozoic Entertainment LLC et al
**Case Number:**   2:14-cv-00719-JLR
**Filer:**

**Document Number:** 27

**Docket Text:**
**ORDER - Court Denies the Parties re [26] Stipulated motion for entry of their agreed protective order filed by Wizards of the Coast LLC, by Judge James L. Robart. (MD)**


**2:14-cv-00719-JLR Notice has been electronically mailed to:**

Mark Lawrence Lorbiecki     Lorbiecki@lowegrahamjones.com, larsen@lowegrahamjones.com, litdocketing@lowegrahamjones.com

Paul T Meiklejohn     meiklejohn.paul@dorsey.com, Hex-IP@dorsey.com

Lawrence D Graham     graham@lowegrahamjones.com, jblack@lowegrahamjones.com, litdocketing@lowegrahamjones.com

Lukas Dudkowski     dudkowski.lukas@dorsey.com, Hex-IP@dorsey.com

**2:14-cv-00719-JLR Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1035929271 [Date=10/20/2014] [FileNumber=5382084-0] [15749d73059c0e4fa9dd7b4f03e250446a2398d70e9ec24ce8c80b1328b5719f75 86347bdd4c369ca45667539a44e443a4facda2c88f27f70b80d2058bb88478]]